**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **AMERICAN GNC Corp.,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 2:17-cv-107** |
| | § | |
| **v.** | § | |
| | § | |
| **ZTE CORPORATION et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO**
**TRANSFER VENUE UNDER 28 U.S.C. §1404(a)**

# TABLE OF CONTENTS

**Page**

**A.** **AGNC Invites the Court to Commit Reversible Error by Dismissing the Courthouse-Specific Convenience Inquiry** ..................................................................... **2**

    1.    Dallas is More Convenient for all Potential ZTE Witnesses ................................ 3

    2.    Dallas is More Convenient for the Inventors and Other Non-Party Witnesses ........................................................................................................... 4

**B.** **ZTE Witnesses Who Testified in Other Cases Do Not Impact the Overall Conclusion** ................................................................................................................... **4**

# TABLE OF AUTHORITIES

**Pages**

<u>Cases</u>

*Aetna Life Ins. Co. v. Methodist Hospitals of Dallas*,
    No. 13-cv-3412, 2014 WL 297620 (S.D. Tex. Jan. 27, 2014)..................................................3

*Affinity Labs of Texas v. Gen. Motors LLC*,
    No. 1:12-cv-582, 2013 WL 12138771 (E.D. Tex. Sept. 18, 2013)...........................................2

*Datamotion Texas, LLC v. Commerce Bancshare, Inc.*,
    No. 2-15-cv-895, 2016 WL 7213026 (E.D. Tex. Feb. 2, 2016) ...............................................2

*Eolas Techs. Inc. v. Wal-Mart Stores, Inc.*,
    No. 6:15-cv-1040, 2016 WL 7042223 (E.D. Tex. Sept. 29, 2016)...........................................2

*GeoTag, Inc. v. Aromatique, Inc.*,
    No. 2:10-cv-570, 2013 WL 8349856 (E.D. Tex. Jan. 14, 2013) ..............................................2

*Mobilemedia Ideas LLC v. Research in Motion Ltd.*,
    No. 2-10-cv-113, 2011 WL 13137111 (E.D. Tex. Aug. 30, 2011)...........................................2

*Remmers v. U.S.*,
    No. 1:09-cv-345, 2009 WL 3617597 (E.D. Tex. Oct. 28, 2009)..............................................4

*SecurityProfiling, LLC v. Trend Micro*,
    Case No. 6-16-cv-1165 (May 12, 2017) ...........................................................................1, 2

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014).............................................................................................5

*Trademaven Clearing, LLC v. Hood*,
    4:11-cv-351, 2012 WL 1108119 (E.D. Tex. Mar. 31, 2012)...................................................4

*In re Verizon Business Network Services, Inc.*,
    635 F.3d 559..........................................................................................................................2

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) .................................................................................................2

*In re Volkswagen of Am., Inc*,
    545 F.3d 304 (5th Cir. 2008) .................................................................................................3

**<u>Statutes</u>**

28 U.S.C. § 1404(a) ............................................................................................................... passim

AGNC's Opposition (Doc. No. 58) ("Opp.") is riddled with errors of fact and law. Incredibly, as a plaintiff with no connection itself to this district, AGNC summarily and erroneously concludes that every factor weighs against transfer.  To reach this conclusion, AGNC also incorrectly assumes that every case involving the same accused products also involves the same witnesses.  Yet, even if the Court accepts as relevant every witness and source of evidence AGNC identifies, the balance of convenience *still tips heavily in favor of transfer* to the Northern District of Texas.

AGNC fundamentally confuses Marshall with Plano.  Establishing that ZTE USA has connections to Plano and Collin County does not make trial in Marshall any more convenient. The question is whether the Dallas courthouse in the Northern District of Texas would be a more convenient forum than the Marshall courthouse in East Texas.  AGNC failed to identify a single witness or source of evidence in or near Marshall.  Every person and alleged source of proof AGNC identified is more convenient to Dallas than Marshall.  Indeed, *even accepting every argument in AGNC's brief*, this statement from ZTE's Motion remains entirely true:

> Maintaining trial in the Eastern District of Texas would require ***all prospective witnesses*** to undergo significant expenses for travel, meals, and lodging, as well as substantial losses in productivity and personal costs associated with ***time spent away from secure work environments, family, and community***.

Opp. at 1, quoting Motion at 12 (triple emphasis original to AGNC).

Ultimately, AGNC invites the Court to err by denying transfer where relevant guidance from the Fifth Circuit and the Federal Circuit compels the opposite result.  Application of the private and public interest factors to the facts of this case leads to exactly the same conclusion Judge Love reached recently in *SecurityProfiling, LLC v. Trend Micro*, Case No. 6-16-cv-1165 (May 12, 2017) (slip op.):  the Court should transfer this case to the Northern District of Texas.

### A.     AGNC Invites the Court to Commit Reversible Error by Dismissing the Courthouse-Specific Convenience Inquiry

AGNC focused its Opposition on the irrelevant fact that some ZTE USA employees live in Collin County – more than 160 miles from the Marshall courthouse.  AGNC was so fixated on ZTE's peripheral contacts with Plano and Collin County that it did not address the relevant legal authority and left the majority of ZTE's positions uncontested.[1]  AGNC could have filed this suit in the Plano Division but did not.  It cannot now rely on the Plano Division as if Marshall and Plano are equidistant to the witnesses and sources of proof.  The real issue here is whether the Dallas courthouse is more convenient for the parties and the witnesses.

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."  *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004).  Accordingly, distance to the *courthouse* rather than distance to the *district* is the touchstone for convenience.  *E.g., Eolas Techs. Inc. v. Wal-Mart Stores, Inc.*, No. 6:15-cv-1040, 2016 WL 7042223, at *2 (E.D. Tex. Sept. 29, 2016) ("[C]ourts analyze the distance that documents must be transported from their physical location to the court" when analyzing relative ease to sources of proof.) (emphasis added); *Affinity Labs of Texas v. Gen. Motors LLC*, No. 1:12-cv-582, 2013 WL 12138771, at *5 (E.D. Tex. Sept. 18, 2013) (explaining that a witness, though in an adjacent district, is over 100 miles away from the subject courthouse); *GeoTag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-570, 2013 WL 8349856, at *2 (E.D.

---

[1] AGNC buried mention of the most relevant cases in a footnote on page 12 of its Opposition.  Opp. at 12, n.3.  Therein, AGNC weakly asserts that the cases ZTE cited are distinguishable on the facts.  *Id.*  Factual variations, however, are present in every case and do not override the rationale applied in each of the prior decisions transferring cases from this District to the Northern District of Texas.  *See In re Verizon Business Network Services, Inc.*, 635 F.3d 559 (Fed. Cir. 2011) (granting petition for writ of mandamus and ordering transfer to the Northern District of Texas); *Datamotion Texas, LLC v. Commerce Bancshare, Inc.*, No. 2-15-cv-895, 2016 WL 7213026 (E.D. Tex. Feb. 2, 2016) (transferring case to the Northern District of Texas under § 1404(a); *Mobilemedia Ideas LLC v. Research in Motion Ltd.*, No. 2-10-cv-113, 2011 WL 13137111 (E.D. Tex. Aug. 30, 2011) (same); *see generally Trend Micro* (same).

Tex. Jan. 14, 2013) ) (granting transfer from Eastern to Northern District of Texas and noting both party's respective distances from the "Dallas courthouse").  AGNC's arguments are premised on the fiction that § 1404(a) focuses on the distance to the nearest boundary of the Eastern District.  This rationale is erroneous as a matter of law; the appropriate analysis is courthouse-specific.[2]  Here, the Dallas courthouse is clearly the more convenient venue for trial.

1.      **Dallas is More Convenient for all Potential ZTE Witnesses**

AGNC draws the unsupportable conclusion that Marshall is the more convenient location for ZTE witnesses traveling from either the Dallas area or China.  This position is contrary to the Fifth Circuit's teaching that any travel beyond the 100-mile threshold subjects willing witnesses to potential "monetary costs" as well as "the personal costs associated with being away from work, family, and community."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008).  AGNC willfully ignores the burdens of travel for ZTE witnesses.  For Dallas-based witnesses (regardless of the specific county in which the witness resides) the difference between trial in Dallas and trial in Marshall is the difference between sleeping at home or staying in a hotel.  The flaws in AGNC's argument are further highlighted by its treatment of the commute:

- AGNC baldly asserts that ZTE witnesses "can drive home within a couple of hours" and that this is the "range of a normal urban commute for most Americans."  Opp. at 10. There is no reason to suppose ZTE witnesses would consider a commute of "a couple of hours" to be in any way "normal."  Such a commute would be highly burdensome, particularly when the drive to the Dallas courthouse would typically be well under an hour.  The full extent of the driving burden ZTE witnesses would face is visually depicted in attached Exhibit A (visually illustrating the differences in the two commutes).

- AGNC makes the absurd argument that "heavy traffic" renders the drive from Richardson to Dallas interchangeable with the drive to Marshall (even though witnesses would also

---

[2] An analogous decision from the Southern District of Texas emphasizes the "obvious conclusion" that it is more convenient for witnesses to testify at home," even where the transferor court is within driving distance.  *See Aetna Life Ins. Co. v. Methodist Hospitals of Dallas*, No. 13-cv-3412, 2014 WL 297620, at *3 (S.D. Tex. Jan. 27, 2014) (quoting *In re Volkswagen II*, 545 F.3d at 316-17).  In that case, the transferor courthouse in Houston was only 225 miles from the proposed transferee courthouse in Dallas, but the Court prioritized allowing witnesses in the Dallas area to remain near home during trial.  *Aetna Life Ins.*, 2014 WL 297620, at *3.

3

face any such "heavy traffic" leaving Dallas en route to Marshall).  Opp. at 9.  Reliance on AGNC's unsupported traffic conditions argument would be reversible error.  The Fifth Circuit has repeatedly focused on *distance* to the courthouse in assessing convenience.

Relatedly, it will be more convenient for any witnesses flying in from outside Texas to have the trial in Dallas.  Assuming that ZTE does bring witnesses from China, the drive to Marshall from Dallas makes that venue less convenient for the foreign or out-of-state witnesses.  *See Trademaven Clearing, LLC v. Hood*, 4:11-cv-351, 2012 WL 1108119, at *3 (E.D. Tex. Mar. 31, 2012) (recognizing that any witnesses from outside of Texas will likely fly into DFW Airport where there are daily nonstop flights to and from every part of the United States and additional driving to Tyler would result in the inconvenience of an additional flight or additional driving distance).  For example, there are direct flights from Beijing and San Francisco to DFW, and holding the trial at the Dallas courthouse would save any foreign or out-of-state witnesses from then driving nearly three hours from Dallas to Marshall.

### 2.  Dallas is More Convenient for the Inventors and Other Non-Party Witnesses

In its Motion, ZTE pointed out that should the inventors or non-party witnesses testify at trial, Dallas would uniformly be more convenient.  AGNC is silent in response, arguing only that videotaped depositions will suffice.  *See* Opp. at 9.  However, live trial testimony is preferable to deposition testimony, and Dallas would be more convenient for all third-party witnesses. *See* Motion at 4-5; *see also Remmers v. U.S.*, No. 1:09-cv-345, 2009 WL 3617597, at *4 (E.D. Tex. Oct. 28, 2009) (finding that the evidence strongly supports transfer in view of the Supreme Court's "strong preference for live testimony.").

### B.  ZTE Witnesses Identified in Other Cases Do Not Impact the Conclusion

AGNC erroneously presumes to know who ZTE's most knowledgeable witnesses will be based on a review of Witness Lists from other cases.  Opp. at 3-4.  AGNC is incorrect as a threshold matter because the subject matter in this case (gyroscopes and related functionality) is

altogether different from the subject matter in the lawsuits charted on pages 4 to 5 of AGNC's Opposition.  Although the accused products (mobile devices) may be the same, the accused *features* are very different and will require testimony from different witnesses.  Indeed, AGNC illustrated this reality by listing twenty potential witnesses from three different lawsuits – *Smartphone Techs*, *DataQuill*, and *St. Lawrence* – yet, only *one witness* testified in more than one case.  AGNC is equally mistaken in assuming that all, or even a substantial portion, of those witnesses will overlap with this case.

Yet, even accepting AGNC's speculation for purposes of this Motion,[3] there is still *no basis* to conclude that Marshall is more convenient for any of these witnesses than Dallas.  *None* of the witnesses AGNC identifies in its lengthy list lives in or near Marshall.  Most of the witnesses live either in the Dallas suburbs or in China.  As discussed previously in Section A.1, the Dallas courthouse and its proximity to ZTE USA's Richardson headquarters and the DFW airport is more convenient for *all* ZTE witnesses regardless of whether they are traveling from downtown Dallas, Collin County, California, Georgia, or China.  Thus the Court need not engage AGNC's unfounded statements regarding "manipulation of the record," Opp. at 5, because even AGNC's lengthy list of witnesses demonstrates that the Dallas courthouse is more convenient.[4]

\* \* \*

For the reasons stated, the Court should GRANT the motion to transfer pursuant to 28 U.S.C. § 1404(a) and transfer this case to the Northern District of Texas.

---

[3] It is still early in the lawsuit and the Court should take ZTE at its word in terms of assessing who is likely to be called to testify.  *See In re Toyota Motor Corp*., 747 F.3d 1338, 1341 (Fed. Cir. 2014) (the convenience inquiry focuses on witnesses whose knowledge is *potentially relevant* to issues at trial because it may not be possible at the outset of the case to determine how material certain witness testimony might be to yet-undeveloped issues in the case) (emphasis added).

[4] Even the "customer support center" in Plano (Opp. at 2, 6-7), which is neither owned, operated, nor controlled by ZTE, would be more convenient to the Dallas courthouse, should it prove to contain relevant information not otherwise maintained at ZTE USA's headquarters in Richardson.

Dated: August 21, 2017                    Respectfully submitted,


                                          */s/ Natalie A. Bennett*
                                          Natalie A. Bennett

                                          Jay H. Reiziss
                                          Michael S. Nadel
                                          Natalie A. Bennett
                                          MCDERMOTT WILL & EMERY LLP
                                          500 North Capitol Street, N.W.
                                          Washington, D.C.  20001
                                          (202) 758-8000

                                          Charles M. McMahon
                                          Brian A. Jones
                                          Casey Campbell
                                          MCDERMOTT WILL & EMERY LLP
                                          444 West Lake Street
                                          Chicago, Illinois  60606
                                          (312) 372-2000

                                          ATTORNEYS FOR DEFENDANTS ZTE
                                          (USA) INC. AND ZTE (TX) INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, the foregoing was electronically filed with the CM/ECF system, which will send a notification of such filing to all counsel of record, including as follows:

T. John Ward, Jr., Esq.
Claire Henry, Esq.
Ward, Smith & Hill, PLLC
P.O. Box 1231
Longview, Texas  75606

David Berten, Esq.
Alison Aubrey Richards, Esq.
Alexander Debski, Esq.
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, Illinois  60603

*/s/ Natalie A. Bennett*
Natalie A. Bennett