IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMERICAN GNC CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:17-cv-00620-ALM-KPJ |
| | § | |
| ZTE CORPORATION, ET AL., | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant ZTE (USA) Inc.'s ("Defendant" or "ZTE USA") Motion to Dismiss for Improper Venue (Dkt. 17). Plaintiff American GNC Corporation ("Plaintiff" or "AGNC") filed a response in opposition (Dkt. 26). Defendant ZTE USA filed a reply (Dkt. 29), and Plaintiff filed a sur-reply (Dkt. 32). After reviewing the motion, the responses, and the relevant authorities, as well as the oral argument on September 1, 2017 (*see* Dkt. 70), and the supplemental briefing (Dkt. 49), the Court finds Defendant ZTE USA's motion to dismiss for improper venue (Dkt.17) should be **DENIED**.

**I. BACKGROUND**

On February 3, 2017, Plaintiff filed its complaint against Defendants ZTE USA, ZTE Corporation, and ZTE (TX) Inc. ("ZTE TX") (collectively "Defendants"), alleging infringement of U.S. Patent Nos. 6,311,555; 6,415,227; 6,508,122; 6,516,283; 6,671,648; 6,697,758; and 6,792,353. Defendant ZTE Corporation was dismissed without prejudice on July 18, 2018. *See* Dkt. 43. Defendant ZTE USA filed the present motion to dismiss for improper venue on April 7, 2017. *See* Dkt. 17. While the present motion was pending, ZTE USA and ZTE TX, the only remaining Defendants, sought to transfer the case to the Northern District of Texas or the Northern

District of California under 28 U.S.C. § 1404(a). *See* Dkt. 46. Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and in the interest of justice, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

On September 1, 2017, United States Magistrate Judge Roy S. Payne heard arguments on both the motion to dismiss for improper venue (Dkt. 17) and the motion to transfer venue (Dkt. 46). After hearing argument and considering the briefing, Magistrate Judge Payne concluded that venue is proper in the Eastern District for purposes of the § 1404(a) convenience analysis, but did not rule on the motion to dismiss for improper venue. *See* Dkt. 66. On September 5, 2017, this case was transferred from the Marshall Division to the Sherman Division, assigned to United States District Judge Amos L. Mazzant, III, and referred to the undersigned for all pretrial proceedings. Judge Payne also granted Plaintiff's motion to file supplemental briefing on the issue of improper venue. *See* Dkt. 66. Plaintiff's supplemental briefing (the "Supplemental Briefing") (Dkt. 49, Sealed) argued that ZTE USA has at least one regular and established place of business in the Eastern District, or in the alternative, that Plaintiff should be permitted to take discovery on the issue of venue. *See* Dkt. 49, Sealed. Plaintiff and Defendants both argued their respective positions concerning the Supplemental Briefing during the hearing on September 1, 2017. *See* Dkt. 70.

The initial basis for Defendant ZTE USA's motion was the United States Supreme Court's then-pending ruling in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). In light of the Supreme Court's decision in *TC Heartland* on May 22, 2017, as well as the additional proceedings in this case since the present motion was filed, the Court will consider the entirety of the record before it, including the briefing on the motion to dismiss for improper venue,

the briefing on the motion to transfer venue, Plaintiff's Supplemental Briefing and the response thereto, and the hearing held before Judge Payne on September 1, 2017.

## II.  LEGAL STANDARD

Defendants move for dismissal under Rule 12(b)(3) based on improper venue. When such a motion is filed, the Court must determine whether venue is proper in accordance with the applicable statutes. *See Albright v. W. L. Gore & Assocs., Inc.*, 2002 WL 1765340, at *3 (D. Del. July 31, 2002). If the Court grants a Rule 12(b)(3) motion based on improper venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In considering a motion to dismiss for improper venue, a court accepts the uncontroverted facts in the plaintiff's pleadings as true, and resolves any factual conflicts in the plaintiff's favor. *etradeshow.com, Inc. v. Netopia Inc.*, 2004 WL 515552, at *4 (N.D. Tex. 2004); *see also James v. Booz–Allen & Hamilton, Inc.*, 227 F.Supp.2d 16, 20 (D.C. Cir.2002). Generally, "it is not necessary for the plaintiff to include allegations in his complaint showing that venue is proper." *Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 434 Fed. App'x. 83, 86–87 (3d Cir. 2011). Hence, when confronted with a motion to dismiss for improper venue, the Court may consider both the complaint and evidence outside the complaint. *See* 14D WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3826 (4th ed. 2017).

Although courts are not uniform in their views as to which party bears the burden of proof with respect to venue, the majority of Fifth Circuit cases hold that the burden is on the objecting defendant to establish that venue is improper. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) ("To begin, the plaintiff is generally entitled to choose the forum."); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing

venue places the burden on the defendant to demonstrate why the forum should be changed."); *Menendez Rodriguez v. Pan Am. Life Ins. Co.*, 311 F.2d 429, 434 (5th Cir. 1962), *vacated on other grounds*, 376 U.S. 779 (1964) ("Plaintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed."); *Sanders v. Seal Fleet, Inc.*, 998 F. Supp. 729, 733 (E.D. Tex. 1998) ("The burden to demonstrate why venue is improper and why the forum should be changed lies with the movant."); *Texas Marine & Brokerage, Inc. v. Euton*, 120 F.Supp.2d 611, 612 (E.D. Tex. 2000) (same).

### III. ANALYSIS

Venue in a patent infringement action is proper "in the judicial district where the defendant resides" or where the defendant "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), *abrogated by TC Heartland LLC*, 137 S. Ct. 1514, the Federal Circuit held that "venue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced." 917 F.2d at 1583. In *TC Heartland*, the Supreme Court reversed *VE Holdings* and reiterated its holding in *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957), providing that "§ 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions [] and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." *TC Heartland*, 137 S. Ct. at 1520 (citations omitted). "Thus, post-*TC Heartland*, venue is proper in the case of a corporate patent defendant, where (a) the corporation is incorporated, or (b) the defendant has committed acts of infringement and has a regular and established place of business." *iLife Techs., Inc. v. Nintendo of Am., Inc.*, 2017 WL 2778006, at *4 (N.D. Tex. 2017).

As explained above, Defendant ZTE USA filed its motion to dismiss for improper venue (Dkt. 17) on April 7, 2017, prior to the Supreme Court's decision in *TC Heartland* on May 22, 2017. ZTE USA argued that if the Supreme Court reversed *VE Holdings* to hold that Section 1400(b) is the exclusive venue provision in patent cases and is not supplemented by Section 1391(c), the claims against ZTE USA should be dismissed for improper venue. *See* Dkt. 17 at 2.

Plaintiff countered that venue is proper even if *TC Heartland* were to reverse *VE Holdings* to limit the definition of "resides" to the corporate defendant's state of incorporation. *See* Dkt. 26 at 5. Plaintiff's argument that venue is proper in the Eastern District of Texas is based on the fact that ZTE TX is incorporated in Texas and is therefore subject to personal jurisdiction in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(d), and because Plaintiff's claims contain questions of fact common to all three (3) ZTE Defendants.[1] *See* Dkt. 26 at 5. Section 1391(d) provides:

> [A] State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.

28 U.S.C. § 1391(d).

ZTE USA appears to concede that ZTE TX is properly venued in the Eastern District (*see* Dkt. 29 at 1), but argues that Plaintiff's § 1391(d) argument fails because Plaintiff must establish that venue is proper as to each Defendant. *See* Dkt. 29 at 1. However, Plaintiff's Supplemental Briefing (Dkt. 49, Sealed) alleges that venue is proper in this District because—in spite of ZTE USA's representations to the contrary—it has at least one regular and established place of business in this District; it has a physical presence in Plano, Texas; it makes external representations to customers that it operates in Collin, County, Texas; it has made substantial sales and offers to sell

---

[1] As noted above, ZTE USA and ZTE TX are the only remaining Defendants in the lawsuit.

in the District; and it has ongoing purposeful interactions with the District.. *See* Dkt. 49 at 7-8, Sealed. Thus, Plaintiff alleges that venue is proper as to ZTE USA under the second prong of § 1400(b) because ZTE USA has a regular and established place of business and has committed acts of infringement in the District. *See id*.

As explained above, ZTE USA bears the burden to show that it does not satisfy the requirements of the second prong of § 1400(b). Taking into consideration the entirety of the record, the Court finds that ZTE USA has failed to meet its burden to show it does not have a regular and established place of business in the District. The record establishes that ZTE USA has a dedicated call center in Plano, Texas, with "60 plus dedicated ZTE representatives." *See* Dkt. 70, Hrg. Tr. at 26:21-22. ZTE USA argues that because the call center was established in partnership with a third party (iQor), no products are sold from the call center, and the representatives are employed by iQor—not ZTE, the call center does not qualify as a regular and established place of business in the District. *See id*. at 16:4-8; 19:15-24. ZTE USA also asserts that iQor provides customer service assistance to other customers, and the call center is not a ZTE only facility. *Id*. at 16:9-13.

According to uncontested documents and argument in the record:

1. ZTE USA established a local call center with iQor in Plano, Texas, in early 2016. *See* Dkts. 49 at 3-4; 49-1, Sealed.

2. The call center has more than sixty dedicated ZTE USA customer service representatives whose objective is to "build brand loyalty with exceptional customer experience." *Id*; *see also* Dkt. 70, Hrg. Tr. at 17:8-14.

3. ZTE USA employees visit the call center regularly to work with the iQor representatives. *See* Dkt. 70, Hrg. Tr. at 17:14-18.

4. ZTE USA has at least two full-time employees (supervisors) on site at the call center. *See* Dkt. 49 at 5; *see also* Dkt. 70, Hrg. Tr. 27:15-18.

5. ZTE USA's customer-facing website seamlessly integrates with customer support provided by iQor such that customers are unaware whether they are being assisted by an iQor employee or a ZTE employee. *See* Dkt. 49 at 4, Sealed; *see also* Dkt. 70, Hrg. Tr. at 28:9-20.

6. Callers to the call center are seeking assistance with, and the iQor representatives provide advice about, ZTE USA products. *See* Dkt. 70, Hrg. Tr. at 16:14-18.

7. Even though ZTE USA products are not sold from the call center, ZTE USA products—including products accused of infringement in this lawsuit—are sold in the Eastern District of Texas.

Accordingly, the Court finds that ZTE USA has failed to meet its burden to show that it does not have a regular and established place of business in the District. The Court is not persuaded by ZTE USA's argument that the call center is not a regular and established place of business simply because ZTE USA has chosen to delegate its call center operations to a third party. Neither is the Court persuaded by ZTE USA's argument that any documents in the call center facility are also in their Richardson headquarters as that argument is irrelevant to the 1400(b) analysis. Because Defendant ZTE USA has not met its burden, the motion to dismiss for improper venue (Dkt. 17) should be **DENIED**.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's motion to dismiss for improper venue (Dkt. 17) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*,

7

474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    **SIGNED this 4th day of October, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE