**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **AMERICAN GNC CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:17-cv-620-ALM-KPJ** |
| | § | |
| **ZTE CORPORATION, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT ZTE (USA) INC.'S OBJECTIONS TO**
**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The claims against Defendant ZTE (USA) Inc. ("ZTE USA") should be dismissed for improper venue because ZTE USA is not incorporated in Texas and lacks a regular and established place of business in the Eastern District of Texas. *See In re Cray Inc.*, No. 2017-129, 2017 U.S. App. LEXIS 13898 (Fed. Cir. Sept. 21, 2017).

The Magistrate Judge recommended that this Court deny ZTE USA's motion to dismiss for improper venue. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), ZTE respectfully objects to the Magistrate Judge's Report and Recommendation. Specifically:

i.       The Report and Recommendation concludes that it is the defendant's burden to establish that venue is improper. The law is to the contrary, as this Court has repeatedly recognized. It is the plaintiff's burden to establish that venue is proper in this district. *See, e.g.*, *Luci Bags LLC v. Younique, LLC*, No. 4:16-cv-377, 2017 WL 77943, at *3 (E.D. Tex. Jan. 9, 2017)

(Mazzant, J.)   At a minimum, the issue must be returned to the Magistrate Judge for a recommendation under the proper standard.

      ii.    The ultimate conclusion of the Report and Recommendation is predicated on supplemental briefing submitting by Plaintiff.  The Report and Recommendation states that ZTE USA's response to Plaintiff's supplemental briefing was considered, but that is necessarily incorrect.  ZTE USA requested leave to respond to the Plaintiff's supplemental briefing and described the evidence that it would submit.  However, that request was not ruled upon, so ZTE USA was not permitted to submit responsive evidence prior to the issuance of the Report and Recommendation.  ZTE USA should have been afforded to opportunity to submit responsive evidence consistent with its proffer.

      iii.    Under the correct standard and *either* the appropriately supplemented record *or* the findings in the Report and Recommendation, *Cray* makes clear that venue is not proper in this district as to ZTE USA.  ZTE USA has no regular and established place of business in this district. *Cray* holds that the asserted "regular and established place of business" must be "*of the defendant*." *Cray*, 2017 U.S. App. LEXIS 18398, at *10 (emphasis by the Federal Circuit).  The call center on which the Report and Recommendation is predicated is not owned, leased, rented, operated, furnished, or staffed by ZTE USA.  ZTE USA has no physical presence in the Eastern District of Texas.  *Cray* does not permit the case to continue here.

      This Court should not adopt the Report and Recommendation and should instead grant ZTE USA's motion to dismiss.

## PROCEDURAL HISTORY

1.      Plaintiff filed this patent infringement case on February 3, 2017.  (Doc. 1). Plaintiff's Complaint does not allege that ZTE USA has a regular and established place of business in this district.  *Id.* ¶ 13.

2.      On April 7, 2017, ZTE USA moved to dismiss for improper venue.  (Doc. 17). Plaintiff responded on April 14, 2017.  (Doc. 26).  ZTE USA replied on April 21, 2017.  (Doc. 29).

3.      On May 22, 2017, the Supreme Court decided *TC Heartland LLC v. Kraft Food Group Brands LLC*, 137 S. Ct. 1514 (2017).  The Supreme Court adopted the interpretation of the patent venue statute, 28 U.S.C. § 1400(b), that ZTE USA had urged in its motion to dismiss. Following *TC Heartland*, Plaintiff chose not to amend its Complaint to allege that ZTE USA has a regular and established place of business in this district.

4.      Meanwhile, the other Defendant, ZTE (TX) Inc. ("ZTE TX"), filed an answer. (Doc. 18).  On July 31, 2017, both ZTE TX and ZTE USA moved to transfer this case to the Northern District of Texas.  (Doc. 46).

5.      On August 1, 2017, Plaintiff filed a motion for leave to file a supplemental brief opposing ZTE USA's motion to dismiss.  (Doc. 49).  Plaintiff submitted documents purportedly relating to a call center in Plano, which Plaintiff suggested was a ZTE USA call center.

6.      On August 15, 2017, ZTE USA filed a response to Plaintiff's motion for leave. ZTE USA stated that the call center "was established and is owned, maintained, and controlled by First Contact Inc. ('First Contact'), a subsidiary of Iqor, Inc. ('IQor').  The 'ZTE representatives' [Plaintff] describes are employees of First Contact/Iqor, not ZTE USA.  First Contact is merely a vendor that provides call services and happens to have a facility across the county line from ZTE USA and therefore within the Eastern District of Texas."  (Doc. 59 at 2).  ZTE USA stated that it

did not oppose Plaintiff's motion for leave to file a supplemental brief.   However, ZTE USA requested an opportunity to reply to the supplemental brief.   ZTE USA stated:  "In its reply, ZTE USA would provide full evidentiary support to establish the facts outlined in the preceding paragraph."  *Id.*

7.      On September 5, 2017, Judge Payne granted ZTE USA's motion to transfer venue in part and denied it in part.  Judge Payne transferred this case to the Sherman Division.  As part of his decision, Judge Payne granted Plaintiff's motion for leave to file a supplemental brief.  Judge Payne did not rule upon ZTE USA's request to file a response to the supplemental brief.  (Doc. 66).

8.      On September 21, 2017, the Federal Circuit decided *Cray*, which sets forth the test for determining whether a defendant has a regular and established place of business in a judicial district under 28 U.S.C. § 1400(b).

9.      On October 4, 2017, Magistrate Judge Johnson issued a Report and Recommendation concluding that that the Court should deny AGNC's motion to dismiss.  The Report and Recommendation states that it was based on the original briefing as well as Plaintiff's supplemental briefing "and the response thereto."  (Doc. 77 at 3).  However, as noted above, the ZTE USA's request to file a response to Plaintiff's supplemental briefing was not ruled upon, so no responsive supplemental briefing was filed.  The Report and Recommendation places on the defendant the burden of establishing that venue is improper.  *Id.* at 3-4.  Citing the "uncontested documents" regarding the call center, the Report and Recommendation concludes:

> ZTE USA has failed to meet its burden to show that it does not have a regular and established place of business in the District.  The Court is not persuaded by ZTE USA's argument that the call center is not a regular and established place of business simply because ZTE USA has chosen to delegate its call center operations to a third party. Neither is the Court persuaded by ZTE USA's argument that any

documents in the call center facility are also in their Richardson headquarters as that argument is irrelevant to the 1400(b) analysis.

*Id.* at 7.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's resolution of a case-dispositive motion, the Court conducts a de novo review.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (explaining Congressional intent that a district judge's *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) give "fresh consideration to those issues to which specific objection has been made by a party") (quoting H.R. REP. No. 94-1609, at 3, reprinted in 1976 U.S.C.C.A.N. 6162, 6163).   The Court may accept, reject, or modify a recommendation, receive further evidence, or return the matter to the Magistrate Judge for further proceedings.  *See* 28 U.S.C. § 636(b)(1); *Mars, Inc. v. TruRX, LLC*, No. 13-526, 2015 U.S. Dist. LEXIS 187875, at *5 (E.D. Tex. Aug. 6, 2015).

## ARGUMENT

### I.   THE PLAINTIFF BEARS THE BURDEN OF PROVING PROPER VENUE.

This Court recently stated:  "Under Rule 12(b)(3), once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper as to each defendant and each claim." *Luci Bags LLC v. Younique, LLC*, No. 4:16-cv-377 (E.D. Tex. Jan. 9, 2017) (Mazzant, J.).

The Court's formulation placing the burden of establishing proper venue on the Plaintiff is in accord with numerous decisions of courts in this district.  *See, e.g.*, *Aten Int'l v. Emine Tech Co.*, 261 F.R.D. 112, 120 (E.D. Tex. 2009) (Davis, J.) ("Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff."); *Elbit Sys. Land v. Hughes Network Sys., LLC*, No. 2:15-cv-37, 2016 WL 3675590, at *2 (E.D. Tex. Mar. 30,

2016) (Schroeder, J.) (same); *Clasen v. Nat'l Bd. of Osteopathic Med. Examiners, Inc.*, No. 4:15-cv-625, 2015 U.S. Dist. LEXIS 173038, at *7 (E.D. Tex. Dec. 30, 2015) (Bush, J.) (same); *Transamerica Adjusters, Inc. v. Huntington Nat'l Bank*, No. 2:13-cv-668, 2014 WL 12685938, at *2 (E.D. Tex. Aug. 5, 2014) (Gilstrap, J.) (same); *Watts v. L-3 Commc'ns Corp.*, No. 2:12-cv-28-JRG, 2012 WL 4480721, at *1 (E.D. Tex. Sept. 26, 2012) (Gilstrap, J.) ("Upon the filing of a Rule 12(b)(3) motion, the burden of proving proper venue shifts to the Plaintiff.").  As explained in *Payne v. Grayco Cable Services, Inc.*:

> The majority of courts hold that when an objection to venue is raised, the plaintiff bears the burden of demonstrating that venue is proper in the selected forum.  . . .  This court is of the opinion that the majority approach is better reasoned and comports with the purpose of statutory venue.  As other courts have recognized, the burden should be on the plaintiff to institute an action in the proper place, because [t]o hold otherwise would circumvent the purpose of the venue statutes—it would give plaintiffs an improper incentive to attempt to initiate actions in a forum favorable to them but improper as to venue.

No. 1:11-cv-487, 2011 WL 13076902, at *3 (E.D. Tex. Dec. 8, 2011) (Crone, J.) (internal quotation marks and citations omitted); *see also Armstrong Coal Co., Inc. v. Optimal Solutions Integration, Inc.*, No. 4:11-cv-706, 2012 WL 609405 (E.D. Tex. Feb. 2, 2012) (Mazzant, M.J.) ("When an objection to venue is raised, the burden is on the plaintiff to establish that the district he chose is a proper venue."); *Principal Tech. Engin'g, Inc. v. SMI Cos.*, No. 4:09-cv-316 (E.D. Tex. Dec. 8, 2009) (Mazzant, M.J.) (same).  The leading commentator agrees:

> [T]he weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue. This may be considered the better view because it is consistent with the plaintiff's threshold obligation to show that the case belongs in the particular district court in which suit has been instituted.

14D CHARLES ALAN WRIGHT, FED. PRAC. & PROCEDURE § 3826 (2017).

The Report and Recommendation departs from the rule set forth by this Court in *Luci Bags*. Consequently, the Report and Recommendation does not address the question of whether Plaintiff met *its* burden to establish *proper* venue and, for that reason alone, should not be adopted.

## II.   ZTE USA SHOULD HAVE BEEN PERMITTED TO RESPOND TO PLAINTIFF'S SUPPLEMENTAL BRIEFING.

The Report and Recommendation's conclusion is based on what it calls "uncontested documents" purporting to establish certain facts about a call center in Plano.  Those documents were submitted by Plaintiff in a supplemental brief and were only uncontested because ZTE USA's request to file responsive evidence was not granted.  (ZTE USA's request to respond was also not *denied*.  If it had been, ZTE USA would have objected pursuant to Rule 72(a).  Instead, the request was never ruled upon.)

ZTE USA proffered that if it were given the opportunity to respond, it would submit evidence that the call center was established and is owned, maintained, and controlled by First Contact Inc. ('First Contact'), a subsidiary of Iqor, Inc. ('IQor').  The 'ZTE representatives' that Plaintiff described in its supplemental brief are employees of First Contact/Iqor, not ZTE USA. First Contact is merely a vendor that provides call services and happens to have a facility across the county line from ZTE USA and therefore within the Eastern District of Texas.  (Doc. 59 at 2). A response from ZTE USA should have been permitted.  As the court explained in *Springs Industries v. American Motorists Insurance Co.*:

> There may be occasions, however, when additional supporting materials should be presented to the court.  . . .  If no injustice is likely to result, the parties should agree to the filing of the reply brief and new supporting materials, *as well as to submission of a further response* . . . .

137 F.R.D. 238, 239-40 (N.D. Tex. 1991);  *Akinyede v. SBC Communications, Inc.*, No. 3:01-cv-709, 2002 WL 737137, at *2 (N.D. Tex. Apr. 24, 2002) (stating that "[i]f the Court were to grant the Defendant's motion for leave to file, the Plaintiff would be entitled to respond").

ZTE USA submits with this objection the evidence it requested to file in response to the supplemental brief:  A declaration by James Ray Wood of ZTE USA, which, as ZTE USA proffered, contravenes the conclusions for which Plaintiff cited the documents regarding the call center.  The declaration states, among other things, that ZTE USA has no physical presence, such as a storefront, physical facility, or owned, leased, or rented office space in the Eastern District of Texas.  As discussed below, the declaration establishes that venue is improper in this district.

### III.   PLAINTIFF HAS NOT ESTABLISHED THAT ZTE USA HAS A REGULAR AND ESTABLISHED PLACE OF BUSINESS IN THIS DISTRICT.

Regardless of which party bears the burden of proof, venue is not proper in this District as to ZTE USA.  This is true *either* under the record as properly supplemented by the Wood declaration *or* under the findings in the Report and Recommendation.

28 U.S.C. § 1400(b) is the exclusive venue statute for patent cases.  It provides that venue is proper in a judicial district where a defendant resides or has committed acts of infringement or has a regular and establish place of business.  In *TC Heartland*, the Supreme Court held that a defendant resides only in its state of incorporation.  137 S. Ct. at 1517.  There is no dispute that ZTE USA is not incorporated in Texas.[1]  The only question, therefore, is whether ZTE USA has a regular and established place of business in this district.

---

[1]  The other Defendant, ZTE TX, is incorporated in Texas, although it is located in California.  ZTE TX has not objected to venue in the Eastern District of Texas for purposes of this case.  If the claims against ZTE USA are dismissed or transferred in lieu of dismissal pursuant to 28 U.S.C. § 1406, ZTE TX anticipates seeking transfer such that the claims are tried in one venue—although it has been apparent from the outset of this case that even if the accused products were infringing, Plaintiff has no good faith basis to claim infringement by ZTE TX.

The Report and Recommendation is predicated upon only *one* place of business in the Eastern District of Texas:  a call center in Plano.  As to that call center, *Cray* identified three requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of ZTE USA.  2017 U.S. App. LEXIS 18398, at *11.  There is no dispute that the call center is a physical place in the district and that it is a regular and established place of business.  Plaintiff's problem is the third *Cray* requirement:  the call center is not the place of business of ZTE USA.  "If any statutory requirement is not satisfied, venue is improper under § 1400(b)."  *Id.*

In evaluating the third *Cray* requirement, "[r]elevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place."  *Id.* at *18.  Here, it is undisputed that ZTE USA does not own or lease the call center or rent office space there.  *See Wood Declaration.*  Nor does ZTE USA own the equipment, furniture, or office supplies for the call center.  An independent third-party vendor, iQor, owns the call center.

The Federal Circuit explained in *Cray* that "[a]nother consideration might be whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place."  2017 U.S. App. LEXIS 18398, at *18-*19.  Here, the call center representatives are not ZTE USA employees at all.  The call center is staffed by independent customer service representatives.  They are not employed by ZTE USA or any other ZTE entity.  They are iQor employees.  iQor services multiple customers out of the call center; ZTE is not even its largest customer.  iQor owns, operates, and controls the call center.  ZTE employees may visit the call center, but they are not stationed there full time.  And it is undisputed that ZTE does not store products at the call center.

The Federal Circuit further explained:  "Marketing or advertisements also may be relevant, but only to the extent they indicate that the defendant itself holds out a place for its business." *Id.* at *19.  The Report and Recommendation does not identify any marketing or advertisements holding out the call center as a ZTE USA place of business.

The Federal Circuit continues:  "Potentially relevant inquiries include whether the defendant lists the alleged place of business on a website, or in a telephone or other directory or places its name on a sign associated with or on the building itself." *Id.*  However, the Federal Circuit emphasized that "the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location. In the final analysis, the court must identify a physical place, of business, of the defendant." *Id.*  In this regard, the Report and Recommendation contains no findings that ZTE USA lists the call center on a website or in a directory or places its name on a sign associated with the building itself.

Finally, the Federal Circuit states:  "A further consideration for this requirement might be the nature and activity of the alleged place of business of the defendant in the district *in comparison with* that of other places of business of the defendant in other venues.  Such a comparison might reveal that the alleged place of business is not really a place of business at all." *Id.* at *19-*20. Plaintiff submitted no evidence that would allow for a comparison in its favor—*and it is Plaintiffs' burden to establish proper venue.*

Even without the Wood declaration, application of the proper legal standard and of *Cray* dictate that the motion to dismiss be granted.  The Report and Recommendation included seven findings:

1.     ZTE USA established a local call center with iQor in Plano, Texas, in early 2016.

2.     The call center has more than 60 dedicated ZTE USA customer service representatives whose objective is to build brand loyalty with exceptional customer service.

3.     ZTE USA representatives visit the call center regularly to work with the iQor representatives.

4.     ZTE USA has at least two full-time employees (supervisors) on site at the call center.

5.     ZTE USA's customer-facing website seamlessly integrates with customer support provided by iQor such that customers are unaware of whether they are being assisted by an iQor employee or a ZTE employee.

6.     Callers to the call center are seeking assistance with, and the iQor representatives provide advice about, ZTE USA products.

7.     Even though ZTE USA products are not sold from the call center, ZTE USA products—including products accused of infringement in this lawsuit—are sold in the Eastern District of Texas.

(Doc. 77 at 6-7).  These findings are insufficient to satisfy the third requirement of *Cray*.  The fact that ZTE USA "established" a call center with iQor does not make it *ZTE USA's* call center.  The Report and Recommendation does not find, and could not find, that it is ZTE USA's call center, because ZTE USA does not own, lease, or rent it, and it is not designated by any directory or sign as a ZTE USA call center.  The "ZTE USA customer service representatives" are not ZTE USA employees.  They are iQor employees.  Not only does the Report and Recommendation not find

otherwise, but it expressly and correctly refers to them as "iQor representatives."  It does not matter that customers do not know whether they are speaking by phone with a ZTE employee or an iQor employee.  What matters is *they are actually speaking with an iQor* employee.  It would not matter—even if it were true—±that two ZTE USA employees are at the call center full time.  *Cray* states:  "As the statute indicates, it must be a place *of the defendant*, not solely a place of the defendant's employee."  And it not even a fact for consideration that allegedly infringing ZTE USA products are sold in the Eastern District of Texas.  Indeed, *Cray* warns that courts should "be careful not to conflate showings that may be sufficient for other purposes, e.g., personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases."  2017 U.S. App. LEXIS 18398, at *13.  Ultimately, even on the incomplete record that was the basis for the Report and Recommendation, venue is improper under *Cray*.

## CONCLUSION

For the reasons stated above, the Court should not adopt the Report and Recommendation. The Court should instead grant ZTE USA's motion to dismiss for improper venue.

Respectfully submitted,

/s/ *Michael S. Nadel*
Charles M. McMahon
Brian A. Jones
Casey Campbell
MCDERMOTT WILL & EMERY LLP
444 West Lake Street
Chicago, Illinois  60606
(312) 372-2000

Jay H. Reiziss
Michael S. Nadel
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C.  20001
(202) 758-8000

*Attorneys for Defendants*
*ZTE (USA) Inc. and ZTE (TX) Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2017, the foregoing was electronically filed with the CM/ECF system, which will send a notification of such filing to all counsel of record, including as follows:

T. John Ward, Jr., Esq.
Claire Henry, Esq.
Ward, Smith & Hill, PLLC
P.O. Box 1231
Longview, Texas  75606

David Berten, Esq.
Alison Aubrey Richards, Esq.
Alexander Debski, Esq.
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, Illinois  60603

*/s/ Michael S. Nadel*
Michael S. Nadel