# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **AMERICAN GNC CORPORATION,** § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | |
| § | **CASE NO. 4:17CV620** | |
| **ZTE CORPORATION. ET AL.,** § | **Judge Mazzant/Judge Johnson** | |
| Defendants. § | | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 4, 2017, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations (*see* Dkt. #77) that Defendant ZTE (USA) Inc.'s ("Defendant" or "ZTE USA") Motion to Dismiss for Improper Venue (Dkt. #17) be **DENIED**.

ZTE USA filed objections to the report (Dkt. #82), and Plaintiff filed a response (Dkt. #89). The Court has made a *de novo* review of the objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

ZTE USA first objects to the burden of proof applied by the Magistrate Judge. ZTE USA argues that it is Plaintiff American GNC Corporation's burden to establish that venue is improper. *See* Dkt. 82 at 5-7. However, as the report notes, "courts are not uniform in their views as to which party bears the burden of proof with respect to venue," and the Magistrate Judge provided ample authority for her conclusion that the burden of proof here lies with Defendant ZTE

USA. *See* Dkt. 77 at 3-4. Thus, the Court finds no error in the Magistrate Judge's conclusion, and ZTE USA's objections are overruled.

ZTE USA also objects to the Magistrate Judge's finding that ZTE USA's "dedicated call center in Plano, Texas" establishes that ZTE has a regular and established place of business in the District. *See* Dkt. 77 at 6-7. ZTE USA first argues that the Magistrate Judge inappropriately relied on supplemental briefing (*see* Dkt. 49) submitted by Plaintiff, to which ZTE USA did not have an opportunity to respond. *See* Dkt. 82 at 7-8. However, the record indicates that ZTE USA presented arguments in opposition to the supplemental briefing before Magistrate Judge Roy S. Payne on September 1, 2017 *See* Dkt. 70. Furthermore, the report indicates that Magistrate Judge Johnson considered those oral arguments in her analysis. *See* Dkt. 77 at 1. The Court finds no error in the Magistrate Judge's findings and conclusion regarding the call center, and, therefore, this objection is also overruled.

ZTE USA next argues that the Magistrate Judge's conclusion regarding the call center is inconsistent with the Federal Circuit's recent ruling in *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017). However, the Court finds *Cray* factually distinguishable, in that the location at issue in *Cray* was an employee's home. *See id.* In *Cray*, the Federal Circuit did not consider the issue of whether a business location established in partnership with a third party—as is the case here—qualifies as a regular and established place of business. After reviewing a number of factors (*see* Dkt. 77 at 6-7), the Magistrate Judge identified the call center as "a physical place" from which ZTE USA "actually engage[s] in business." *In re Cray Inc.*, 871 F.3d at 1364. As the Magistrate Judge noted, the fact that ZTE USA "has chosen to delegate its call center operations to a third party" does not invalidate this finding. *See* Dkt. 77 at 7. The Court finds that the Magistrate Judge's

conclusion is not precluded by *Cray*. Thus, the Court finds no error, and this objection is likewise overruled.

Based on the foregoing, Defendant ZTE USA's Motion to Dismiss for Improper Venue (Dkt. #17) is **DENIED**.

**It is SO ORDERED.**
**SIGNED this 7th day of November, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE