FILED: **5/14/18**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

# United States Court of Appeals for the Federal Circuit

---

**In re: ZTE (USA) INC.,**
*Petitioner*

---

2018-113

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 4:17-cv-00620-ALM-KPJ, Judge Amos L. Mazzant, III.

---

CHARLES M. MCMAHON, McDermott Will & Emery LLP, Chicago, IL, for petitioner. Also represented by BRIAN ANDREW JONES; MICHAEL S. NADEL, JAY REIZISS, Washington, DC.

ALISON AUBREY RICHARDS, Global IP Law Group, Chicago, IL, for respondent American GNC Corporation. Also represented by DAVID P. BERTEN, ALEXANDER J. DEBSKI.

---

**ON PETITION**

---

Before REYNA, LINN, and HUGHES, *Circuit Judges.*

LINN, *Circuit Judge.*

**O R D E R**

ZTE (USA) Inc. ("ZTE USA") petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas to dismiss this case for improper venue under 28 U.S.C. § 1406(a). *See Am. GNC Corp. v. ZTE Corp.,* No. 4:17-cv-00620-ALM-KPJ (E.D. Tex. Nov. 7, 2017) ("*Denial Order*"). American GNC Corporation ("American GNC") opposes. Because the district court incorrectly assigned the burden of proof on venue and failed to fully consider the factors relevant to the question of whether the call center in question was that of ZTE USA, we grant the petition to the extent of vacating the order denying the motion to dismiss and remanding the motion for reconsideration consistent with this order.

I

In February 2017, American GNC filed a complaint against ZTE USA and ZTE (TX) Inc.[1] in the Marshall Division of the Eastern District of Texas alleging infringement of its patents. ZTE USA filed a motion to dismiss for improper venue under 28 U.S.C. § 1406 and § 1400(b) in April 2017. While that motion was pending, ZTE USA and ZTE (TX) Inc.[2] sought transfer to the United States District Court for the Northern District of Texas or the Northern District of California under 28 U.S.C. § 1404(a).

The magistrate judge concluded that venue was proper in the Eastern District of Texas for purposes of the § 1404(a) convenience analysis but did not rule on the motion to dismiss for improper venue under § 1406(a). In September 2017, the case was transferred from the Eastern District of Texas's Marshall Division to its

---

[1] ZTE Corporation was also named as a defendant but was dismissed without prejudice in July 2017.

[2] ZTE (TX) Inc. did not object to venue in this case.

Sherman Division, and assigned to a new district court judge and a new magistrate judge. After supplemental briefing on the issue of improper venue, the magistrate judge denied ZTE USA's motion to dismiss for improper venue, finding that ZTE USA failed to show it did not have a regular and established place of business in the Eastern District of Texas as required under the second prong of 28 U.S.C. § 1400(b). *See Am. GNC Corp. v. ZTE Corp.,* No. 4:17-cv-00620, 2017 WL 5163605 (E.D. Tex. Oct. 4, 2017) ("*Magistrate Report*").

The magistrate judge noted that "courts are not uniform in their views as to which party bears the burden of proof with respect to venue," but, citing Fifth Circuit law, placed the burden on the objecting defendant to show improper venue. *Id.* at *2.

The magistrate judge determined that ZTE USA had contracted with a call center in Plano, Texas, operated by First Contact LLC (a subsidiary of iQor US Inc.), which constituted a physical place, and that ZTE USA, through the call center employees dedicated to ZTE USA calls, transacted business there. *Id.* at *3–4. The magistrate judge explained that "ZTE USA has failed to meet its burden to show it does not have a regular and established place of business in the District." *Id.* at *3.

In its objections to the magistrate judge's report, ZTE USA objected to the finding that the call center in Plano, Texas, established venue, arguing that it is inconsistent with *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017). ZTE USA also argued that the magistrate judge erred by placing the burden of proof on ZTE USA to establish that venue was not proper. The district court judge disagreed with both objections and denied ZTE USA's motion to dismiss for improper venue. ZTE USA's petition for mandamus followed. *Am. GNC Corp. v. ZTE Corp.*, No. 4:17-cv-00620, 2017 WL 5157700 (E.D. Tex. Nov. 7, 2017).

## II

### A

A party seeking a writ of mandamus bears the heavy burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that "the right to issuance of the writ is clear and indisputable," *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953) (internal quotation marks omitted). Further, even if these two prerequisites have been met, a court issuing a writ must, in its discretion, "be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). Moreover, mandamus review of an improper venue decision under § 1406(a) is rarely granted in the absence of exceptional circumstances. *Banker's Life*, 346 U.S. at 382–84; *Cheney*, 542 U.S. at 380; *In re Cray, Inc.*, 871 F.3d at 1358 ("Mandamus is reserved for exceptional circumstances."); *see also Comfort Equip. Co v. Steckler*, 212 F.2d 371, 374–75 (7th Cir. 1954) (denying mandamus review of a denied improper-venue motion); *Gulf Research & Dev. Co. v. Leahy*, 193 F.2d 302, 304–06 (3d Cir. 1951) (similar).

This court found exceptional circumstances to exist in § 1406(a) mandamus petitions in *Cray*, 871 F.3d 1355 and *In re Micron Technology, Inc.*, 875 F.3d 1091 (Fed. Cir. 2017), because those decisions were necessary to address the effect of the Supreme Court's decision in *TC Heartland*, which was yet another § 1406(a) mandamus case. 137 S. Ct. 1514, 1517 (2017), *rev'g and remanding In re TC Heartland, LLC.*, 821 F.3d 1338 (Fed. Cir. 2016).

Moreover, the Supreme Court and this court have confirmed that mandamus relief may be appropriate in certain circumstances to decide "basic" and "undecided" questions, *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964), and "to further supervisory or instructional goals

where issues are unsettled and important," *In re Queen's Univ. at Kingston*, 820 F.3d 1287, 1291 (Fed. Cir. 2016) (citation omitted); *see also Micron*, 875 F.3d at 1095–96; *Cray*, 871 F.3d at 1358–59; *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1313 (Fed. Cir. 2011).

This case presents two such "basic" and "undecided" issues relating to proper judicial administration in the wake of *TC Heartland*; namely, whether Federal Circuit or regional circuit law governs the burden of proof for determining the propriety of venue under § 1400(b), and on which party that burden rests. These issues are likely to be repeated and present sufficiently exceptional circumstance as to be amenable to resolution via mandamus.

B

We generally defer to regional circuit procedural law on questions "not unique to patent law," but apply our own law to issues "'related' to 'substantive matters unique to the Federal Circuit,' and thus committed to our law." *Biodex Corp. v. Loredan Biomed., Inc.*, 946 F.2d 850, 856 (Fed. Cir. 1991) (citations omitted); *see also Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574–75 (Fed. Cir. 1984) (per curiam) (establishing general rule).

Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law. *Cray*, 871 F.3d at 1360. Which party bears the burden of persuasion in establishing proper or improper venue under § 1400(b) is intimately related to this substantive determination. Indeed, who has the burden of persuasion on the elements of a legal rule is treated across many contexts as a substantive aspect of the legal rule. *See, e.g., Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014); *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20–21 (2000); *Dir., Off. Of Workers' Compensation Progs., Dep't of Labor v. Greenwich Collieries*, 512 U.S. 267, 271 (1994); *Garret v.*

*Moore-McCormack Co.*, 317 U.S. 239, 248–49 (1942). Therefore the burden of persuasion question is a substantive aspect of § 1400(b), whose interpretation is governed by our law, not of § 1406, the general improper-venue statute. Furthermore, because all appeals in cases in which § 1400(b) is implicated will come to this court, adopting a uniform law on the burden obviates any uncertainty at the district court as to whether to apply regional circuit or Federal Circuit law. *See Biodex*, 946 F.2d at 859 (considering whether the application of Federal Circuit law would require the district court to "serve[] two masters").

The Supreme Court in *TC Heartland* stated that "[Congress] 'placed patent infringement cases in a class by themselves, outside the scope of general venue legislation.'" 137 S. Ct. at 1518 (citing *Brunette Machine Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 713 (1972)). We conclude that the patent-specific nature of § 1400(b) also implicates the burden for satisfying that statute, and should be analyzed under this court's law. *See* 17 Moore's Federal Practice—Civil § 110.01[5][c] (3d ed. 2017) (noting that the burden may be different under § 1400(b) than under the general patent venue statute).

The choice of law issue here is similar to one we resolved in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994). We concluded there that Federal Circuit law governs whether due process or Virginia's long-arm statute preclude the exercise of personal jurisdiction over a foreign defendant whose only contact with the forum was indirect shipment of goods through the stream of commerce. *Id.* at 1564. We noted that the due process issue was procedural, but that "it is a critical determinant of whether and in what forum a patentee can seek redress for infringement of its rights." *Id.* We also noted that applying regional circuit law would run contrary to this court's "mandate of achieving national uniformity in the field of patent law" due to the

lack of uniformity among our sister circuits and within the regional circuit from which the case arose. *Id.* The same circumstances apply here.

The placement of the burden of persuasion on the propriety of venue is critical to determining in what forum a patentee can seek redress for infringement of its patent rights. Also, the burden for establishing the propriety of venue is not uniform among the Circuits, *see* 15 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3826 (4th ed. 2017) (stating that "[t]he courts are divided on which party bears the burden of proof on a motion to dismiss for improper venue" and citing cases), and even varies within the Fifth Circuit, *compare, e.g., Williamson-Dickie Mfg. Co. v. M/V HEINRICH J*, 762 F. Supp. 2d 1023, 1026 (S.D. Tex. 2011) (placing burden of establishing proper venue on Plaintiff), *with, e.g., Tex. Marine & Brokerage, Inc. v. Euton*, 120 F. Supp. 2d 611, 612 (E.D. Tex. 2000) (placing the burden of showing improper venue on Defendant); *see also Payne v. Grayco Cable Servs.*, No. 1:11-CV-487, 2011 WL 13076902, at *2 (E.D. Tex. 2011) (recognizing inconsistency within Fifth Circuit). In this context, it is appropriate for us to adopt a uniform national rule to address the propriety of patent-specific venue. *See Biodex*, 946 F.2d at 856 (explaining that we have deferred to regional circuit law more readily "when there is existing and expressed uniformity among the circuits").

In opposing the petition, American GNC tries to draw a parallel between the Federal Rule of Civil Procedure 12(b)(3) vehicle being used here and the traditional burdens applied under Rule 12(b)(6) and summary judgment for infringement and invalidity—the procedural aspects of which are governed by regional circuit law. *See Boston Sci. Corp. v. Cook Grp. Inc.*, 269 F. Supp. 3d 229, 236–37 (D. Del. 2017) (adopting this reasoning to conclude that regional circuit law governs the question of burden on improper venue). This is a false parallel. There is no

equivalent in that context to the patent-specific venue provisions of § 1400(b), nor is there a similar lack of uniformity between the circuits and within the Fifth Circuit.

Nor does the application of regional circuit law to 28 U.S.C. § 1404(a), *see Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000), require applying regional circuit law to § 1406. Section 1406(a) requires a showing that venue is improper under the patent-specific venue statute § 1400(b). The same is not true of § 1404(a), which concerns the convenience of the parties and the interests of justice, which are not patent-specific considerations. Moreover, when § 1404(a) is implicated, the movant "is seeking to disturb a plaintiff's choice to file in a proper venue in compliance with applicable statutes and rules," *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 929 (E.D. Tex. 2017), a consideration not applicable to § 1406(a) challenges.

For the above-stated reasons, we hold that Federal Circuit law governs the placement of the burden of persuasion on the propriety of venue under § 1400(b).

C

We next address the question of who bears the burden on venue and hold as a matter of Federal Circuit law that, upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue. Such a holding best aligns with the weight of historical authority among the circuits and best furthers public policy.

This court has not heretofore considered which party bears the burden with respect to § 1400(b) as distinguished from § 1391. We have found no case in this court's 37–year history dealing with this question. Prior to the formation of the Federal Circuit, regional circuits uniformly placed the burden to show proper venue in

IN RE: ZTE (USA) INC. 9

patent cases on the Plaintiff following a motion by the Defendant challenging venue. *See Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086 (1st Cir. 1979); *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969); *Phillips v. Baker*, 121 F.2d 752, 754–55 (9th Cir. 1941) (applying earlier version of patent venue statute); *see also Personal Audio*, 280 F. Supp. 3d at 927–28 ("This court has not found any Circuit Court case holding that in a § 1400(b) motion to dismiss based on improper venue, the burden of proof is on the movant, so long as the motion was timely filed."). This is persuasive authority. *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1325 (Fed. Cir. 2013) ("While patent law decisions of the regional circuits do not bind us, we may consider them as persuasive authority." (citation omitted)).

Section 1400(b), like its predecessor statutes, is intended to be restrictive of venue in patent cases compared with the broad general venue provision. *See Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 566-67 (1942) ("[T]he Act of 1897 [a predecessor to § 1400(b)] was a restrictive measure, limiting a prior, broader venue [statute]."); *Cray*, 871 F.3d at 1361 ("[Section 1400(b)] clearly narrows jurisdiction relative to the courts that previously allowed patent suits wherever the defendant could be served."); *Grantham*, 420 F.2d at 1184 ("[T]he patent venue statute should not be liberally construed in favor of venue" (citing *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961))). Section 1400(b)'s intentional narrowness supports placing the burden of establishing proper venue on the Plaintiff. *See* 17 Moore's Federal Practice—Civil § 110.01[5][c] (2018) (explaining that, although by default the burden should be on the movant, "in a case involving an exclusive venue statute, such as in patent infringement cases," the burden should shift to plaintiff).

American GNC argues that the burden should be on the movant/defendant because venue is properly considered an affirmative defense, *see Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010) ("Exhaustion resembles personal jurisdiction and venue in that it is an affirmative defense."), and the defendant generally bears the burden to establish an affirmative defense. The statement in *Dillon* on which American GNC relies is dictum—the issue there was whether administrative exhaustion was an affirmative defense. Venue was merely used as an analogy. American GNC has not identified any other cases that make this point or refute the conclusions reached above on which party should bear the burden on a venue challenge directed to § 1400(b). Indeed, in the parallel case of personal jurisdiction, upon challenge by the defendant, plaintiff bears the burden of affirmatively establishing the first two elements of the due process requirement. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015).

### III

On the merits, the text of § 1400(b) is self-evident that "[t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interests of some overriding policy, is to be given a liberal construction." *Cray*, 871 F.3d at 1361 (internal quotations and citation omitted). In applying § 1400(b), it is important "not to conflate showings that may be sufficient for other purposes, *e.g.*, personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases." *Id.*

As established in *Cray*, there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 1360. "If any statutory

requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

In determining whether the "place of business" in the venue is "of the defendant," this court in *Cray* set forth a series of non-exclusive factors to be considered. These include "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place," and "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself." *Id.* at 1363–64.

In denying the motion to dismiss, the district court found no error in the magistrate judge's conclusion that ZTE USA failed to meet its burden. But, as we have now held, the burden was not ZTE USA's to carry. Moreover, the district court concluded that, unlike the issue in *Cray* in which the location at issue was an employee's home, the question in this case was "whether a business location established in partnership with a third party . . . qualifies as a regular and established place of business." *Denial Order* at 2. This court disagrees both with the summary characterization of the iQor-ZTE USA relationship as a "partnership" and the district court's holding that such determination ended the analysis. To be complete, the district court must give reasoned consideration to all relevant factors or attributes of the relationship in determining whether those attributes warrant iQor's call center being deemed a regular and established place of business of ZTE USA. This the district court did not do.

Counsel for ZTE USA at the September 1, 2017 hearing characterized the call center as having been established in partnership with iQor, but the record is unclear as to the nature of that relationship, beyond the existence of iQor's arms-length contract for services. The mere presence of a contractual relationship between iQor and ZTE USA pursuant to which iQor provides call center

services to ZTE USA's customers does not necessarily make iQor's call center "a regular and established place of business" *of ZTE USA* in the Eastern District of Texas.

While iQor's call center "has more than sixty dedicated ZTE USA customer service representatives," neither the magistrate judge nor the district court made any findings on the nature of ZTE USA's relationship with those representatives or whether it has any other form of control over any of them. *Magistrate Report*, 2017 WL 5163605, at *4. While the magistrate judge found that ZTE USA "has at least two full-time employees (supervisors) on site at the call center," *id.*, the determining factor is whether those employees render the call center "a place *of the defendant*, not solely a place of the defendant's employee[s]," *Cray*, 871 F.3d at 1363.

The magistrate judge did not consider whether ZTE USA itself possesses, owns, leases, or rents the office space for the call center or owns any of the equipment located there. The magistrate judge also made no findings as to whether any signage on, about, or relating to the call center associates the space as belonging to ZTE USA. Finally, the magistrate judge did not make findings regarding whether the location of the call center was specified by ZTE USA or whether iQor would need permission from ZTE USA to move its call center outside of the Eastern District of Texas or to stop working for ZTE USA. *Id.* at 1363–64. These and any other factors relevant to the question of whether American GNC has met its burden to show that the call center was "of the defendant" should be considered on remand.[3]

---

[3] We do not imply that every one of these factors will be relevant or needs to be considered in every § 1406 case, but those considerations are potentially relevant

Accordingly,

IT IS ORDERED THAT:

The petition is granted to the extent that the district court's November 7, 2017 order denying ZTE USA's motion to dismiss for improper venue is vacated, and the district court is instructed to reconsider ZTE USA's motion to dismiss consistent with this order, placing the burden of persuasion on the propriety of venue on American GNC.

FOR THE COURT

May 14, 2018                /s/ Peter R. Marksteiner
   Date                     Peter R. Marksteiner
                            Clerk of Court

---

here and should be considered by the district court on remand.